STATE OF NORTH CAROLINA v. LEWIS PIERSON WILLIS

No. 733SC427

(Filed 8 August 1973)

Clerks of Court § 12— money used as exhibit in murder trial held by clerk — right of convicted defendant to payment

Where the evidence tended to show that male petitioner borrowed $5,000 from a bank and forged his wife's name on the note to the bank, petitioner intended to use the money to pay for the murder of a third person but the State discovered and impounded $4,600 of the money for an exhibit at petitioner's trial for murder, petitioner was convicted of murder and is now in prison, and feme petitioner paid the bank the $5,000 due on the note though she had never received any of the proceeds, the trial court properly held that petitioners had failed to establish ownership of the $4,600 held by the clerk of Superior Court of the county in which male petitioner had been tried for murder.

APPEAL by petitioners Joseph D. Merrill and wife, Evelyn Merrill, from an Order of *Rouse, Judge,* dated 26 January 1973, filed in the Superior Court in CARTERET County.

By a petition filed in the above entitled criminal action the petitioners seek to recover from the Clerk of Superior Court in Carteret County the sum of $4,600.00 which was offered as a part of the State's evidence in the above criminal action.

The defendant in the above criminal action was prosecuted for, and convicted of, first-degree murder. The facts in the murder trial are set out in *State v. Willis,* 281 N.C. 558, 189 S.E. 2d 190, and we quote them in part as follows:

"On and prior to April 10, 1971, Joseph Dennis Merrill operated The Village Shoppe in Ho Ho Village near

Morehead City in Carteret County. Marine Sergeant Eugene Thomas Givens and his wife lived in a house trailer across the road from the Merrill store. Merrill conceived a plan to 'eliminate' Givens. He contacted his friend Stroud who made arrangements with the defendant, Lewis Pierson Willis, to do the eliminating. The defendant agreed to kill Givens for $5,000.00 in cash. Merrill borrowed the $5,000.00 from the bank and delivered it to Stroud who notified the defendant the money was ready. The defendant accepted $200.00 from Stroud as a down payment and apparently called his friend, John Braxton Richardson from Norfolk, Virginia, to assist in executing the plan. Richardson came from Norfolk directly to the Willis home, arriving April 9th. Willis identified Givens as the person to be killed."

Thereafter, through the contrivance of Merrill (petitioner herein), Givens went into a back room of Merrill's store where Willis shot him four times in the head. Willis and Richardson then removed the body and dumped it on the side of the road some distance away.

Merrill (petitioner herein) admitted that he borrowed $5,000.00 from the bank in Morehead City and gave it to Stroud to be used in the payoff. The evidence indicated Merrill (petitioner herein) had an affair with Givens' wife. Merrill, however, claimed that his differences with Givens related to business matters.

The incriminating evidence in the trial of the above entitled criminal action came from the participants, Virgil Stroud, John Braxton Richardson, and Joseph Dennis Merrill (petitioner herein), all of whom were convicted for their participation in the homicide. Joseph Dennis Merrill (petitioner herein) is in prison.

The petition filed in this cause reads as follows:

"The petition of Joseph D. Merrill and Evelyn Merrill, his wife respectfully represents the following matters.

"1. In the above captioned matter evidence was presented that Joseph D. Merrill had borrowed Five Thousand ($5,000.00) Dollars from First-Citizens Bank and Trust Company in Morehead City, that he had deposited said funds with Virgil Stroud to be delivered to defendant Willis in portions from time to time as Merrill directed, that Mer-

---
State v. Willis
---

rill directed one payment of Two Hundred ($200.00) Dollars and Willis simply took another Two Hundred ($200.00) Dollars, leaving a balance of Forty Six Hundred ($4600.00) Dollars in the hands of Virgil Stroud.

"2. The State discovered and impounded this money and it became an exhibit at the trial.

"3. The Defendant was convicted and sentenced to life imprisonment but appealed the sentences.

"4. The Supreme Court of North Carolina found no error in the trial record or sentence and the time for further appeal or petition for rehearing has expired.

"5. During all this time the Forty Six Hundred ($4600.00) Dollars has been held by the Clerk of Superior Court of Carteret County, in specie of course, since the bills themselves were the evidence. As a result it has earned no interest.

"6. Petitioners have repaid the loan to First-Citizens Bank and Trust Company in Morehead City, as evidence (sic) by letter from the Bank to this Court.

"Wherefore, petitioners pray your Honorable Court for an Order directed to A. H. James, Clerk of the Superior Court of Carteret County, authorizing and directing him to return the money to petitioners."

Petitioners' evidence tended to support the allegations of the petition. In addition, however, feme petitioner testified that her husband forged her signature on the note to the bank; that she never received any of the proceeds of the note; and that she paid the Bank the $5,000.00 due on the note and it gave her the note marked "paid."

The trial judge found the facts to be substantially as the evidence tended to show, but ruled that petitioners had failed to establish that they were the owners of the $4,600.00 in the hands of the Clerk. The Order denied petitioners' request that the Clerk be authorized and directed to pay the $4,600.00 to them.

Petitioners appealed.

*Attorney General Morgan, by Assistant Attorney General Davis, for the State.*

*Sherman T. Rock for petitioners.*

State v. Raynor

BROCK, Judge.

The trial judge found the facts to be as contended by petitioners. Therefore, petitioners do not except to any finding of fact; they only except to the conclusion made upon the facts found. The trial judge concluded that petitioners had failed to establish ownership of the $4,600.00 in the office of the Clerk of Superior Court of Carteret County, and denied their petition that it be turned over to them. In our opinion the ruling of the trial judge is correct, and the judgment appealed from is therefore

Affirmed.

Judges MORRIS and PARKER concur.